**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5104**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

CARNELL DESHAWN KELLY, a/k/a Mookie,

              Defendant – Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:00-cr-00193-TDS-1)

_____

Submitted:  June 22, 2011              Decided:  July 12, 2011

_____

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Todd A. Smith, LAW FIRM OF TODD A. SMITH, Graham, North
Carolina, for Appellant.   Ripley Rand, United States Attorney,
Michael F. Joseph, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carnell Deshawn Kelly appeals the district court's order revoking his supervised release and sentencing him to twenty-eight months' imprisonment and thirty-two months of supervised release. On appeal, Kelly contends that there was insufficient evidence to support the district court's finding that he violated a condition of his supervised release by committing a crime because the Government failed to prove he intended to distribute the crack cocaine recovered from him. We affirm.

In reviewing a sentence imposed upon revocation of supervised release, this court "takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (quoting United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006)). Because Kelly did not argue in the district court that the Government failed to prove intent to distribute, the Government contends that this issue should be reviewed for plain error. The district court's conclusion that Kelly possessed cocaine with intent to distribute is a factual finding reviewed for clear error. See United States v. Benton, 627 F.3d 1051, 1054 (8th Cir. 2010).

2

To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006). This burden "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). In determining whether the evidence in the record is sufficient, we view the evidence in the light most favorable to the government. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

We conclude that the district court did not clearly err in determining that Kelly intended to distribute the crack cocaine at issue. In response to complaints of drug activity, police conducted surveillance of an apartment. Police received tips that a heavyset male was selling drugs. They observed approximately fifteen transactions in forty-five minutes at the residence. They watched as a heavyset black male in a red hat and red shirt exited the apartment and left the area in a Chevrolet Impala. Police saw that individuals continued to knock on the apartment door, but no one answered. Police followed the Impala and witnessed the driver drop a baggie,

3

later determined to contain 3.5 grams of crack, from the window. A heavyset black male wearing a red hat and red shirt was driving the Impala. The man was Kelly. The offense for which Kelly is on supervised release included selling small amounts of cocaine.

Because this evidence clearly supports the factual finding at issue, we reject Kelly's argument on appeal. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4